Law Office of James R. Vaughan, P.C.
Garrett M. Culver, SBN 028500
Brian K. Partridge, SBN 028090
Melissa R. Greaves, SBN 032414
Eric W. Logvin, SBN 028050
Ryan A. Dorn, SBN 034017
11445 E. Via Linda, Suite 2-610
Scottsdale, AZ 85259
Telephone (602) 279-0778 | (866) 833-9411
Fax (602) 279-0788
Email: Attorney@RecoveryAtty.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: MARCUS S WILCOX, | Chapter 13 Proceedings |
| | No. 2:24-bk-05722-EPB |
| | **OBJECTION TO CHAPTER 13 PLAN** |

Lafayette Federal Credit Union (the "Creditor") hereby objects to the Debtors' Chapter 13 Plan (the "Plan") because Marcus S Wilcox (the "Debtor") improperly paid Creditor's claim. The Creditor holds a fully secured lien in an inground pool ("Creditor's Property") at the Debtor's home at 4502 W Cavalier Dr, Glendale AZ 85301 under a recorded UCC Financing Statement.

Under Section 506 of the Bankruptcy Code, the Creditor's claim is fully secured. Subsection (a)(1) of that Section describes how to handle a claim secured by a lien on property. These claims are "secured claim[s] to the extent of the value

of such creditor's interest in the estate's interest in such property" but are "unsecured to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claims." If the value of the property securing a claim exceeds the value of the claim, then the holder of the claim "shall be allowed interest and reasonable fees, costs, or charges provided under the agreement" or Arizona law. 11 U.S.C. § 506(b). This Court may only confirm a plan that distributes "not less than the allowed amount of" secured claims. 11 U.S.C § 1325(a)(5).

In this case Creditor's claim appears to be fully secured under 11 U.S.C §506. The value of the Creditor's Property has been scheduled in the Debtor's Schedules and Statements and the Debtor's Chapter 13 plan as $9,000.00. However, Defendant has provided no basis for their valuation of the Creditor's Property. Creditor believes their claim is fully secured by the Creditor's Property. As Creditor's claim is less than the value of the property securing the claim Creditor can also seek interest and reasonable costs and fees under §506(b).

Therefore, the Creditor respectfully requests that the Court deny confirmation of the Plan and require that the Debtor provide payment under the

2:24-bk-05722-EPB

terms of any modified plan that includes full payment of the Creditor's allowed claim, as an unmodified secured claim, including interest.

RESPECTFULLY SIGNED September 3, 2024

/s/ Ryan Allen Dorn
Ryan A Dorn, SBN 034017
11445 E Via Linda, Ste 2-610
Scottsdale AZ 85259
*Attorney for Creditor LFCU*

**CERTIFICATE OF SERVICE**

On that same date, the foregoing document and any attachments were filed electronically with the United States Bankruptcy Court, which caused electronic notice of the filing to be delivered to counsel for the Debtor, Trustee, and any other party who has appeared in this case. Additionally, the document was deposited postage pre-paid with the United States Postal service, first class mail, to any parties indicated below.

Signed in Scottsdale, Arizona.        LAW OFFICE OF JAMES R. VAUGHAN, P.C.

/s/ Ryan Allen Dorn
Employee of Attorney for Plaintiff

2:24-bk-05722-EPB

Page 3 of 3        Objection to
                                          Chapter 13 Plan
Case 2:24-bk-05722-EPB   Doc 16   Filed 09/03/24   Entered 09/03/24 12:25:17   Desc
Main Document    Page 3 of 3