Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>MARCUS S. WILCOX,<br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 2-24-bk-05722-EPB<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>Deadline is November 7, 2024 |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. The Trustee notes the following issues, which must be resolved before recommending confirmation of the Plan:

1) The Trustee notes that the Debtor filed a Chapter 7 bankruptcy on January 23, 2019, and received a discharge on May 7, 2019. Since it has been less than eight years between the filing of the Debtor's Chapter 7 bankruptcy and the filing of the Debtor's current Chapter 13, the Trustee reminds the Debtor that he is ineligible to convert his instant case to a Chapter 7 case and receive a discharge.

2) Lafayette Federal Credit Union has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. Unless the creditor withdraws the objection or the Court overrules the objection, the creditor or creditor's attorney must

endorse the proposed order confirming the plan. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

3) The proofs of claim filed by ADOR and IRS differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 14 days after substantive completion of the last objection.

4) The Debtor's Schedule I discloses a payroll deduction for the repayment of a 401(k) loan. The Trustee requires receipt of the loan documents as the disposable income requirement of § 1325(b) is at issue.

5) The plan provides for payment of secured claim to BHFC Financial who has not filed a proof of claim. Pursuant to F.R.B.P. 3002(a) (eff. Dec. 1, 2017), a secured creditor must file a proof

of claim to have an allowed claim. Should the creditor fail to file a proof of claim, then the Debtor(s) may do so per F.R.B.P. 3005(a). The Trustee will not pay the creditor without a proof of claim being filed. **The Trustee objects to the plan being confirmed without a secured claim being filed for all secured creditors treated in the plan.**

6) According to the Proof of Claim filed by ADOR, the Debtor has failed to file his 2017 and 2018 state tax returns. The Trustee requires the Debtor to immediately file the unfiled returns, and provide a date stamped copy to the Trustee. If the Debtor believes that he has filed the returns or was not required to file the returns, the Debtor and his attorney must work with ADOR to resolve the Proof of Claim issue. The Trustee will not recommend confirmation of the Plan until the Proof of Claim has been amended to show that all tax returns have been filed.

7) According to the Proof of Claim filed by the IRS, the Debtor has failed to file his 2018 federal tax return. The Trustee requires the Debtor to immediately file the unfiled return, and provide a date stamped copy to the Trustee. If the Debtor believes that he has filed the 2018 return, the Debtor and his attorney must work with the IRS to resolve the Proof of Claim issue. The Trustee will not recommend confirmation of the Plan until the Proof of Claim has been amended to show that all tax returns have been filed.

8) Based on the proof of claim filed by Rocket Mortgage, the Debtor is delinquent on pre-petition mortgage payments. The Stipulated Order Confirming Plan must provide the following language: Rocket Mortgage secured by a first deed of trust in the Debtor's residence, shall be paid the pre-petition arrearage of $1,535.68 with 0% interest. Regular post-petition payments, including all post-petition mortgage fees and expenses shall be paid directly by Debtor to the secured creditor.

9) Debtor is to provide the Trustee with a copy of the purchase agreement for the 2016 Jeep Renegade .

10) The Trustee notes that the Debtors purchased a vehicle in the 90 days prior to filing. The Trustee needs to verify whether BHFC properly perfected its lien prior to the Debtor's bankruptcy filing. The Trustee will file a subpoena in order to obtain the date and time stamped vehicle records from Arizona Department of Motor Vehicles. If the additional documentation shows that the lien was not properly perfected, the Trustee may seek avoidance of the lien through a separate adversary proceeding.

11) The Debtor's Plan as proposed is underfunded. Once the above issues are resolved, the Trustee will review the Plan funding issue. Additional Plan yield is required in order to satisfy the secured and priority claims.

12) Other requirements:

(A) When a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the bkdocs.us website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, paystubs, and so on.

(B) The attorney is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Attachments to secured claims should be reviewed to see if there is a balloon payment. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(C) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) Before submitting a proposed order, the attorney for the Debtor(s) should verify plan funding using the funding http://www.chapter13.info/funding-calc-main.aspx.

(E) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(F) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(G) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

(H) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(I) The order confirming plan is to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2023-2028 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.bkdocs.us.

(J) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(K) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original

signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(L) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

PLAN PAYMENT STATUS: The Debtor's interim payments of $700.00 each are current through due date September 15, 2024. Subsequent payments are due each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! And follow the instructions.

SUMMARY: Pursuant to Local Rule 2084-10(b), by November 7, 2024, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

| | |
|---|---|
| 1 | Copy mailed or emailed to: |
| 2 | MARCUS S. WILCOX |
| 3 | 4502 WEST CAVALIER DRIVE<br>GLENDALE, AZ 85301 |
| 4 | |
| 5 | PHOENIX FRESH START |
| 6 | THOMAS ADAMS MCAVITY<br>4131 MAIN STREET |
| 7 | SKOKIE, IL 60076-2780<br>DOCUMENTS@PHXFRESHSTART.COM |
| 8 | TOM@NWRELIEF.COM |
| 9 | FAIZA@PHXFRESHSTART.COM |

_____

*dsmith@ch13bk.com*
Case Analyst

- 7 -